NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4758
_____

UNITED STATES OF AMERICA

v.

MARVIN ANDRE HENDY,
a/k/a Donald M. Peterson

Marvin Andre Hendy,
                                    Appellant

_____

On Appeal from the United States District Court
for the District Court of  New Jersey
District Court  No. 03-09-cr-00485-001
District Judge: The Honorable Anne E. Thompson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 14, 2011

Before: SLOVITER, SMITH, and NYGAARD, *Circuit Judges*

(Filed: September 16, 2011)
_____

OPINION
_____

SMITH, *Circuit Judge.*

Marvin Andre Hendy, a citizen and native of Guyana, entered this country in 1984 pursuant to a visa. After he was convicted of several armed robberies, he was deported in 1993. Hendy then illegally returned to the United States, only to be deported again in 2004. Undeterred, he reentered the United States. Although he was apprehended by law enforcement authorities in 2007, he avoided deportation proceedings by providing a false name. In 2009, however, an indictment was returned by a grand jury charging Hendy with illegal reentry after deportation in violation of Title 8, U.S.C. §§ 1326 (a) and (b)(2).

Hendy exercised his right to a jury trial. During trial, he stipulated to only one of the elements of the offense of illegally reentering the United States, thereby requiring the government to prove its case beyond a reasonable doubt as to the other elements. Although Hendy testified, the jury found him guilty as charged. At sentencing, the United States District Court for the District of New Jersey imposed a 63-month sentence, which fell at the lower end of Hendy's guidelines range. This timely appeal followed.[1]

Hendy contends that the District Court erred at sentencing by failing to reduce his offense level by two points pursuant to U.S.S.G. § 3E1.1 based on his acceptance of responsibility. Hendy acknowledged at sentencing that the acceptance of responsibility adjustment is generally not available if a defendant

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. The Court of Appeals has jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

2

puts the government to its burden of proof. U.S.S.G. § 3E1.1, cmt. n.2. Nonetheless, he argued that the adjustment was warranted because he had stipulated to one element of the case and did not vigorously oppose the government's proof of the other elements of the offense of illegal reentry. After presenting further remarks about the guideline calculation and in an effort to set forth a revised guideline range for the Court's consideration, Hendy's counsel asked the Court if it accepted his argument. The Court indicated that it was not persuaded.

According to Hendy, the District Court erred by failing to find that he met the requirements for a § 3E1.1 adjustment. Whether a defendant has accepted responsibility is a factual finding reviewable for clear error. *United States v. Lessner*, 498 F.3d 185, 199 (3d Cir. 2007). In light of the District Court's familiarity with the trial proceeding, which included Hendy's testimony, and the argument offered at sentencing, we find no error, clear or otherwise, in the Court's factual determination that Hendy did not merit an acceptance of responsibility adjustment.

We turn to Hendy's challenge to the reasonableness of his sentence. We review for procedural error and substantive reasonableness, applying an abuse of discretion standard to both inquiries. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). Hendy contends that his sentence is procedurally

3

unreasonable because the District Court: (1) did not rule on Hendy's request for a variance; (2) failed to address his argument that it should grant a variance because U.S.S.G. § 2L1.2's 16-level enhancement lacked an empirical justification, and its harshness had been recognized by the courts as evidenced by the percentage of downward departures granted at sentencings; and (3) did not adequately explain its sentence.

The sentencing transcript before us belies Hendy's contentions. After discussing several of the factors set forth in 18 U.S.C. § 3553(a), the Court declared that the "characteristics of this defendant would not warrant the kind of lenient sentence that counsel for the defendant has argued for." By our lights, this constituted a ruling on his request for a variance. Immediately following this ruling, the Court acknowledged Hendy's assertion that application of § 2L1.2 was harsh and resulted in disparate sentences. She declined, however, to deviate, as courts had in other illegal reentry cases, on the basis that a sentence within the guideline range of 63 to 78 months seemed "perfectly appropriate in [Hendy's] case." Finally, the Court explained that given all the sentencing factors and in light of Hendy's characteristics, a guideline sentence was "as lenient a sentence as the court could, in good conscience, impose." In sum, the District Court's sentence was procedurally sound.

4

Finally, Hendy contends that his within-guideline sentence is substantively unreasonable. We disagree. Because it cannot be said that "no reasonable sentencing court would have imposed the same sentence on [Hendy] for the reasons the district court provided[,]" we will affirm. *Tomko*, 562 F.3d at 568.